235 PELISSIER vs. RECORDERS' COURT JUDGE (Detroit), No. 16373½.

To vacate an order overruling a motion to quash an information charging relator with larceny.

Order to show cause denied June 15, 1897.

Relator leased premises, including certain furniture therein, from one Lawson. One Brabyn boarded with relator and occupied one of the rooms in said premises. Relator was afterwards arrested in Canada upon complaint made by Brabyn, having in his possession property owned by said Brabyn, as well as goods and chattels owned by Lawson, brought to Detroit, tried and convicted. Afterwards he was informed against for larceny of the property owned by Lawson, and moved to quash the information upon the following grounds:

(1) Because the said defendant has been once arrested, tried, convicted and sentenced, for the same offense upon which he is now arrested, which case is the case of the People of the State of Michigan vs. Gaston Pelissier and Anna Pelissier, tried in this court on the 16th and 17th days of February, 1897, file No. 9998.

(2) Because the said defendant was arrested in the Dominion of Canada and brought into this state, under and by virtue of the Extradition Treaty, existing between the United States and Great Britain, upon a charge of larceny upon which he was tried in the Recorders' Court of the City of Detroit, upon the 16th and 17th days of February, 1897, and since being brought here upon that charge he has not been given an opportunity to return to the said Dominion of Canada, as is provided by the said treaty.

(3) Because the warrant in said case is void and was so at the time of the arrest of the said defendant, in that it was attested by John B. Whelan, as senior Police Justice, when Albert F. Sellers was in fact such senior Police Justice.

(4) Because since the said defendant was arrested and arraigned in this court, the warrant in said case has been altered and changed by order and permission of this court, granted on the ...............
day of ..............., 1897, directing said warrant, together with the other files in the case to be returned to the Police Court for correction, whereupon the name of John B. Whelan was erased and the name of Albert F. Sellers written in over it, thereby making the warrant void and invalid if it was not already so.